UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 4438 |
| | ) | |
| JONATHAN M. HOOVER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, brings this action for triple damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.* or, in the alternative, for repayment under theories of payment by mistake and unjust enrichment.

### Jurisdiction and Venue

1. This court has jurisdiction over this matter pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2. Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1395(a).

### Parties

3. The plaintiff is the United States of America on behalf of the United States Railroad Retirement Board ("RRB").

4. Defendant Jonathan M. Hoover ("Hoover") is a domiciliary of the State of Illinois.

**Factual Background**

5.     The Railroad Unemployment Insurance Act, as amended (45 U.S.C. § 351 *et seq.*), provides federal benefits for unemployed railroad workers and is administered by the RRB.

6.     To qualify for these federal benefits, unemployed railroad workers who meet the income and resource requirements of the program must disclose to the RRB any employment and income that might affect the claimant's entitlement to benefits. Benefits cannot be claimed or paid for any date that the claimant worked, accrued or received compensation from any employer, including non-railroad employers.

7.     Hoover was employed by Union Pacific Railroad as a carman and was suspended on or about August 12, 2014. Hoover's railroad service enabled him to be eligible to collect RRB unemployment insurance benefits during his period of unemployment.

8.     On or about August 12, 2014, and on or about July 1, 2015, Hoover submitted RRB Form UI-1, "Application for Unemployment Benefits and Employment Service," to the RRB and was given a copy of RRB Booklet UB-10, "Unemployment Benefit Handbook For Railroad Employees," which describes the rules and reporting requirements of collecting unemployment insurance benefits.

9.     On the application submitted on or about August 12, 2014, and on application submitted on or about July 1, 2015, Hoover stated: "I certify that the information I have provided on this form is true, correct and complete. I know that I must immediately report to the Railroad Retirement Board any changes which might affect my entitlement to benefits. I understand that disqualifications and civil and criminal penalties may be imposed on me for false or fraudulent statements or claims or for withholding information to get benefits. I understand and agree to the requirements set forth in Booklet UB-10."

10. RRB Booklet UB-10 stated, in part:

TO RECEIVE UNEMPLOYMENT BENEFITS YOU MUST

- be unemployed and receive no wages, salary, military reservist pay, pay for time lost, vacation pay, holiday pay, guarantee pay, or other remuneration from railroad or nonrailroad employment for the days you claim benefits. Under certain conditions, part-time work does not affect entitlement to benefits. However, you must report all full-time and part-time work you perform to the Railroad Retirement Board (RRB) on each claim for benefits you file. The RRB will then determine whether your pay is "subsidiary remuneration" and whether benefits are payable for days on which you worked part-time.

11. RRB Booklet UB-10 further warned: "You will be disqualified for both unemployment and sickness benefits for 75 days if you make a false or fraudulent statement or claim in order to receive benefits."

12. Defendant signed RRB Form UI-35, "Field Office Record of Claimant Interview," certifying that the information provided is true and correct, that he had received U.S. RRB Booklet UB-10, and he must immediately report to the Railroad Retirement Board (RRB) any changes which might affect his entitlement to benefits. Defendant also signed RRB Form UI-35c, "Claimant's Certification and Authorization Under the Railroad Unemployment Insurance Act," certifying that he understood that in order to receive unemployment benefits he must be unemployed and that he must report any kind of railroad or non-railroad employment.

13. In order to receive unemployment benefits, an applicant must submit RRB Form UI-3, "Claim for Unemployment Benefits," every fourteen days.

14. For the unemployment insurance claim period beginning April 8, 2015, through unemployment insurance claim period beginning January 26, 2016, Hoover submitted 20 fraudulent "Claim for Unemployment Benefits" forms to the RRB.

15. Hoover further acknowledged: "I certify that I have read Booklet UB-10 and understand it. I know that disqualifications and civil and criminal penalties may be imposed on me for false or fraudulent statements or claims or withholding information to get benefits. The information given on this form is true, correct and complete."

16. Hoover was employed with Schneider National, as of April 13, 2015. Hoover knew he was employed and he continued to submit claims for unemployment benefits.

17. In seeking and receiving unemployment insurance benefits, Hoover concealed material facts, to wit, his non-railroad employment and his earnings therefrom, when he knew or should have known that this employment was material to the RRB.

18. But for Hoover's false statements and claims, he would not have received unemployment insurance benefits for claim period beginning April 8, 2015, through claim period beginning January 26, 2016.

19. As a result of Hoover's actions, the United States has been damaged in the amount of $11,198.

**Count I**

**False Claims Act — False Claims**

20. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 19 as if set forth fully herein.

21. By virtue of the acts described above, in 2015 and 2016, Hoover knowingly presented, or caused to present, false or fraudulent claims for payment or approval in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.

22. As used in this count, the term "knowingly" means that a person, with respect to information, (a) has actual knowledge of the information; (b) acts in deliberate ignorance of the

4

truth or falsity of the information; or (c) acts in reckless disregard of the truth or falsity of the information.

23. The United States paid the false or fraudulent claims because of the acts of Hoover and, as a result, the United States has incurred actual damages in the amount of $11,198, exclusive of interest and costs.

24. Pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended, Hoover may be liable to the United States under the treble damage and civil penalty provision of the False Claims Act for a civil penalty of not less than $5,500 and not more than $11,000 for each of the false or fraudulent claims herein, plus three times the amount of damages that the United States has sustained because of Hoover's action.

**Count II**

**Payment By Mistake**

25. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 19 as if set forth fully herein.

26. The United States made payments on the claims submitted by Hoover under the erroneous belief that the claims for payment were based upon representations that were factually accurate and that represented actual dates of unemployment.

27. The United States' erroneous belief was material to the payments made by the United States to Hoover.

28. Because of these mistakes of fact, Hoover received monies to which he is not entitled.

29. By reason of the overpayments described above, The United States is entitled to damages in the amount of at least $11,198.

### Count III

### Unjust Enrichment

30. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 19 as if set forth fully herein.

31. Because of Hoover's conduct, he has been unjustly enriched with federal monies that in good conscience he should not be allowed to retain.

32. Hoover has been unjustly enriched to the detriment of the United States in the amount of $11,198.

### Claim For Relief

WHEREFORE, the United States demands judgment against the defendant as follows:

(a) on Count I (False Claims), judgment against defendant for treble the United States' single damages of $11,198, plus civil monetary penalties as set forth in the False Claims Act;

  (b) on Count II (Payment by Mistake), judgment against defendant for single damages, pre- and post-judgment interest, and any such further relief as the court deems appropriate; and

  (c) on Count III (Unjust Enrichment), judgment against defendant for single damages, pre- and post-judgment interest, and any such further relief as the court deems appropriate.

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

        By: s/ Scott D. Heffron
          SCOTT D. HEFFRON
          Assistant United States Attorney
          219 South Dearborn Street
          Chicago, Illinois 60604
          (312) 886-4190
          scott.heffron@usdoj.gov